■ In the Matter of BOARD OF EDUCATION OF BAY SHORE UNION FREE SCHOOL DISTRICT, Appellant, v THOMAS KAIN, Respondent. [875 NYS2d 239]—

In a proceeding pursuant to Education Law § 4404 (3) (b) to review a determination of the State Review Officer of the New York State Education Department dated November 22, 2004, which sustained a decision of a hearing officer dated September 3, 2004, made after a hearing, requiring the petitioner to provide Ryan Kain with an individual aide on site at his private school, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered February 20, 2008, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Ryan Kain was referred to the Committee on Special Education (hereinafter the CSE) of the Bay Shore Union Free School District (hereinafter the District) by his first-grade teacher at the privately-operated St. Patrick School. Based on a diagnosis of attention deficit hyperactivity disorder, the CSE developed an individualized education plan (hereinafter IEP) for Kain that, inter alia, included the services of a one-on-one aide for three hours per week. The IEP indicated that the aide would be provided by the District at the public Fifth Avenue School, rather than at the private school in which the respondent was enrolled. Believing that he was entitled to the services of the aide on-site at his private school, Kain, by his father, sought review of the CSE's determination before an impartial hearing officer pursuant to both the Education Law and the federal Individuals with Disabilities Education Act (20 USC § 1400 *et seq.*). A hearing was held, after which the hearing officer agreed with Kain and ordered the District to provide the aide at his private school. The District appealed to the State Review Officer of the New York State Education Department (hereinafter the State Review Officer), who agreed with the hearing officer that Kain was entitled to the services of the aide at his private school. The Supreme Court confirmed the determination of the State Review Officer and denied the District's petition to review the determination. We affirm.

In *Board of Educ. of Monroe-Woodbury Cent. School Dist. v Wieder* (72 NY2d 174, 188 [1988]), the Court of Appeals held that Education Law § 3602-c neither mandates that all services for children with disabilities be provided on location in public schools, nor contains a "general compulsion" that those services be provided in every case on location at a private school in

which a student is voluntarily enrolled. Contrary to the District's contention, the location of the services is to be determined on a case-by-case basis, "guided generally by [the student's] individual educational needs in the least restrictive environment" (*id.* at 188). Under the circumstances here, the Supreme Court properly confirmed the determination requiring the District to provide Kain with a one-on-one aide at his private school (*see* Education Law § 4404 [3] [b]).

The District's remaining contention is without merit. Prudenti, P.J., Ritter, Santucci and Covello, JJ., concur.