[926 NE2d 250, 899 NYS2d 743]

In the Matter of Board of Education of Bay Shore Union
Free School District, Appellant, v Thomas K., Individu-
ally and as Parent and Natural Guardian of Ryan K., an
Infant, Respondent.

Argued February 9, 2010; decided March 30, 2010

**POINTS OF COUNSEL**

*Ingerman Smith, L.L.P.*, Hauppauge (*Christopher Venator* and *Ethan D. Balsam* of counsel), for appellant. I. The lower courts erred in affirming the state administrative determination that petitioner-appellant has a legal obligation to provide a one-on-one aide to Ryan K. on site at his private school pursuant to Education Law § 3602-c (9). (*Board of Educ. of Monroe-Woodbury Cent. School Dist. v Wieder,* 72 NY2d 174; *Estate of Cowart v Nicklos Drilling Co.,* 505 US 469; *Grumet v Pataki,* 93 NY2d 677; *Russman v Board of Educ. of Enlarged City School Dist. of City of Watervliet,* 92 F Supp 2d 95, 260 F3d 114; *KDM v Reedsport School Dist.,* 196 F3d 1046; *Foley v Special School Dist.,* 153 F3d 863; *Fowler v Unified School Dist. No. 259, Sedgwick County, Kan.,* 128 F3d 1431; *Cefalu v East Baton Rouge Parish School Bd.,* 117 F3d 231.) II. The lower courts erred in affirming the state administrative determination that "services," as that term is defined by Education Law § 3602-c (1) (a), include the provision of a one-on-one aide, when aides are categorically prohibited from providing instruction without proper certification.

*Bee Ready Fishbein Hatter & Donovan, LLP*, Mineola (*Joshua*

*M. Jemal* and *Kenneth A. Gray* of counsel), for respondent. I. Under New York State's Education Law petitioner-appellant is required to provide Ryan K. with the individual aide service at the nonpublic school in which he has been enrolled since preschool, as required under his Individualized Education Program. (*Board of Educ. of Monroe-Woodbury Cent. School Dist. v Wieder,* 72 NY2d 174; *Russman v Board of Educ. of City of Watervliet,* 150 F3d 219.) II. A one-on-one aide is an instructional service that is required to be provided under New York State's Education Law. (*Board of Educ. of Monroe-Woodbury Cent. School Dist. v Wieder,* 72 NY2d 174.) III. The ruling of the Board of Education of the Bay Shore Union Free School District in this case is contrary to its own policy and past practice of providing services in a nonpublic school setting.

## OPINION OF THE COURT

Chief Judge LIPPMAN.

This appeal presents two questions governed by section 3602-c of the Education Law: (1) whether petitioner School District is required to provide respondent student with an individual aide at his nonpublic school and (2) whether an individual aide falls within the definition of "services." We find that, under these circumstances, the School District is required to provide the aide at the student's private school and that an individual aide is a service within the meaning of the statute. We therefore affirm.

Respondent child is a student at St. Patrick School, a private school located within the Bay Shore Union Free School District. When he was in the first grade, he was diagnosed with attention deficit hyperactivity disorder (ADHD) and was classified as "other health impaired." The School District's Committee on Special Education therefore established an Individualized Education Program (IEP), recommending that the student receive both 40 minutes a day in a resource room and an individual classroom aide for three hours daily during his academic classes. The one-on-one aide was recommended in this case in order to refocus the student and to keep him on task during class. The aide was considered necessary in order to help the child learn. Both sides agree that the student should receive the recommended services, but disagree as to where the individual aide is to be provided—at the student's private school or at a Bay Shore public school.

After the School District refused to provide the aide at the child's school, his parents sought a hearing before an Impartial

Hearing Officer (IHO) pursuant to the federal Individuals with Disabilities Education Act (IDEA) (20 USC § 1400 *et seq.*) and the New York Education Law. The IHO determined that, under the circumstances, it was not only reasonable to provide the individual aide at the student's nonpublic school, but that it was necessary in order for the student to receive a free appropriate public education. The IHO therefore directed the School District to provide the services at St. Patrick. The IHO also determined that the individual aide fell within the Education Law § 3602-c definition of "services." The School District appealed to the State Review Officer (SRO), who agreed that, in order for the one-on-one aide to be effective and to meet the child's individual educational needs, the aide must be provided at the child's nonpublic school. The SRO also rejected the argument that the individual aide was not a "service[ ]" within the meaning of the Education Law.

The School District brought an action in federal court, under the IDEA, for review of the administrative determination (*see Bay Shore Union Free School Dist. v T. ex rel. R.*, 405 F Supp 2d 230 [ED NY 2005]). Observing that the parties agreed the student was not entitled to receive services at his nonpublic school under the federal act, the District Court affirmed the SRO's decision "dubitante," finding that New York law requires services to be provided based upon the educational needs of the child and that, in this case, the services had to be provided at the nonpublic school (*see Bay Shore*, 405 F Supp 2d at 233, 250). The Second Circuit vacated that determination and dismissed the appeal for lack of subject matter jurisdiction, concluding that the case raised only questions of state law (485 F3d 730 [2d Cir 2007]).

The School District then commenced this proceeding to vacate the determination of the SRO. Supreme Court denied the petition (2008 NY Slip Op 33601[U]) and the Appellate Division affirmed, finding that the location of the services depended upon the educational needs of the individual child and that, based on this child's needs, the School District was required to provide the services at the student's nonpublic school (60 AD3d 851, 852 [2009]). This Court granted the School District leave to appeal (12 NY3d 715 [2009]) and we now affirm.

Under the Individuals with Disabilities Education Act, in order to be eligible for federal financial assistance, a state must show that a system is in place to ensure that a free appropriate public education is made available to all of the

state's school-aged children with disabilities (*see* 20 USC § 1412 [a] [1] [A]). New York thus requires that every school district provide "suitable educational opportunities for children with handicapping conditions" based upon the needs of the individual child (Education Law § 4402 [2] [a]).

Education Law § 3602-c, known as the dual enrollment statute, requires the provision of special education programs "on an equitable basis" to students who attend nonpublic schools (Education Law § 3602-c [2] [b] [1]). That statute also provides that "[p]upils enrolled in nonpublic schools for whom services are provided pursuant to the provisions of this section shall receive such services in regular classes of the public school and shall not be provided such services separately from pupils regularly attending the public schools" (Education Law § 3602-c [9]). Bay Shore argues that it does not have a statutory obligation to provide such services to students at their nonpublic schools.

In *Board of Educ. of Monroe-Woodbury Cent. School Dist. v Wieder* (72 NY2d 174 [1988]) we determined that the dual enrollment statute requires neither that educational services be provided at a student's nonpublic school, nor that they be provided at the public school. Rather, *Wieder* recognized that the purpose behind the statute was to allow private school students with disabilities "equal access to the full array of specialized public school programs" and that, if the student received those services in the public school, the student should be integrated with, rather than separated from, other public school students (*Wieder*, 72 NY2d at 184). The Court recognized that where the services must be provided should be determined based upon the child's "individual educational needs in the least restrictive environment" (*Wieder*, 72 NY2d at 188).

██ Although the dual enrollment statute does not mandate that the School District provide services at a nonpublic school for each student, that does not end the inquiry. Applying *Wieder* to this case, the pertinent question is what the educational needs of this student require. Both the IHO and the SRO essentially found that, in order for this child to receive a free appropriate public education, the services of an individual aide would have to be provided at his nonpublic school. The fallacy of the School District's position is that it advocates for the student, under the tutelage of an aide, to be kept focused and on task at a site removed from his own

teacher and classmates, and indeed, from his regular school. As a practical matter, if the School District's position were upheld, it would be necessary for the child to withdraw from the school his parents selected for him in order to receive the required services. Under these circumstances, the courts below properly determined that the School District was required to provide the one-on-one aide at the student's private school.

The School District also argues that a one-on-one aide does not fall within the statutory definition of "services." The statute defines "services" as "instruction in the areas of gifted pupils, career education and education for students with disabilities, and counseling, psychological and social work services related to such instruction" (Education Law § 3602-c [1] [a]). The School District maintains that without proper certification an aide is prohibited from providing instruction. However, "education for students with disabilities" is further defined as special education programs designed to serve children with disabilities as defined in Education Law § 4401 (1) (*see* Education Law § 3602-c [1] [d]). That statute, in turn, provides that a "child with a disability" is one who "can only receive appropriate educational opportunities from a program of special education," which includes "special services or programs" such as appropriate developmental or support services (*see* Education Law § 4401 [1], [2]).

It is clear from this broad statutory language that the definition of services was intended to include a wide range of educational resources for students with disabilities. One of the purposes of a teacher's aide is to assist the teacher by performing certain services, including "support teaching duties" (8 NYCRR 80-5.6 [a] [3]; *see also* Education Law § 3009 [2] [a]). While the aide is plainly facilitating the child's education and providing services related to instruction, the aide is not directly providing instruction. However, the aide's contributions to the individual child's education are an integral part of his regular classroom experience. It is only by an overly narrow and restrictive reading of the statute that one could conclude that the individual aide would not fall within the statutory definition of "services."

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.